UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YURMAN DESIGN, INC. and
YURMAN STUDIO, INC.,

                  Plaintiffs,

- against -

JAMES GREGORY REGISTER and KATHY
REGISTER, d/b/a BAUBLES & JEWELS and
JOHN DOES 1-5,

                  Defendants.

---

JUDGE RAKOFF

CIV. NO. 07 CIV 7025

JURY TRIAL DEMANDED



AUG 0 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs Yurman Design, Inc. and Yurman Studio, Inc. (collectively referred to as "Yurman" or "Plaintiffs"), by their attorneys, hereby demand a jury trial and allege upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.    This is an action for copyright infringement under the Copyright Laws of the United States and trademark infringement under the Lanham Act and deceptive and dishonest acts and practices, unfair competition, misappropriation and unjust enrichment under the laws of the State of New York. Yurman seeks a permanent injunction to enjoin James Gregory Register, Kathy Register d/b/a Baubles & Jewels and John Does 1-5 (collectively, "Defendants") from destroying Plaintiffs' reputation and good will. Yurman also seeks a preliminary and permanent injunction, as well as an award of damages for Defendants' infringement of Plaintiffs' rights.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars ($75,000.00).

3. The cause of action for copyright infringement arises under the Copyright Laws of the United States, Title 17 U.S.C. § 101 et seq., and this Court has federal jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338. The cause of action for trademark infringement arises under the Trademark Laws of the United States, Title 15 U.S.C. § 1051 et seq., and this Court has federal jurisdiction over this claim pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§1331 and 1338. This Court has federal jurisdiction over the related claims for common law unfair competition pursuant to 28 U.S.C. § 1338(b). This Court has supplemental jurisdiction over the related claims for deceptive and dishonest acts and practices, misappropriation and unjust enrichment pursuant to 28 U.S.C. § 1367.

4. Jurisdiction over the Defendants comports with the United States Constitution and the long-arm statute for the State of New York, Rule 302 of the New York Civil Practice Law and Rules because, on information and belief, Defendants regularly transact business within this district and have committed the acts complained of within this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because the subject matter in this action has sufficient contacts with this forum.

## THE PARTIES

6. Plaintiffs Yurman Design, Inc. and Yurman Studio, Inc. are corporations organized and existing under the laws of the State of New York with a principal place of business located at 24 Vestry Street, New York, New York 10013.

7. Defendant James Gregory Register, d/b/a Baubles and Jewels is, upon information and belief, an individual with a principal place of business at 4324 Silverleaf Court, Virginia Beach, Virginia 23462-5737.

8. Defendant Kathy Register, d/b/a Baubles and Jewels is, upon information and belief, an individual with a principal place of business at 4324 Silverleaf Court, Virginia Beach, Virginia 23462-5737.

9. Defendants JOHN DOES 1-5 are, upon information and belief, manufacturers and/or suppliers of the jewelry designs at issue.

## FACTUAL BACKGROUND

I. **The History and Development of Yurman Jewelry Designs**

10. Yurman is engaged in the design, manufacture, distribution and sale of fine and distinctive jewelry. Under the direction of the Chairman of the Board of Directors, one of America's foremost jewelry designers, Mr. David Yurman, Yurman has flourished and become widely regarded as a leading American jewelry design company. Yurman's jewelry is highly regarded by the public for its distinctive design, exceptional quality, precious stones, unique materials and superior craftsmanship.

11. To protect its unique and internationally acclaimed jewelry designs and business proprietary interests, Yurman sought and received federal trademark registrations for DAVID YURMAN®, THE THOROUGHBRED COLLECTION®, SILVER ICE®, THE

CABLE COLLECTION®, THE VENETIAN CABLE COLLECTION®, and THE HAMPTON CABLE COLLECTION®, among others; copyright registrations for its creative and original designs; and utility and design patents for its novel jewelry designs and inventions.

12.  Yurman is also the owner of numerous federal trademark registrations for its DAVID YURMAN® trademark including Registration Nos. 2,460,107, 2,014,167 and 1,725,487. These registrations have become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

13.  Since 1970, Plaintiffs have sold hundreds of millions of dollars of jewelry bearing the DAVID YURMAN® trademark. As a result, the DAVID YURMAN® trademark has become well known to the consuming public and has become exclusively associated with Plaintiffs' jewelry.

14.  Yurman has also spent tens of millions of dollars in advertising its jewelry products. Plaintiffs' jewelry products are routinely advertised in nationally recognized magazines and newspapers such as *Vanity Fair, Vogue, Town and Country, The New York Times, In Style* and *The Los Angeles Times*, radio billboard advertisements and have appeared in public at trade shows, talk shows and in-store appearances.

15.  Protecting the uniqueness of the brand name DAVID YURMAN is integral to preserving the business reputation, integrity and good will that Plaintiffs have cultivated over the years. Plaintiffs' brand name has become nearly synonymous with what has been described as the cable motif, discussed infra. Other distinctive features for which Yurman is known are the combined used of gold and sterling silver (traditionally it has been a taboo to combine gold and silver in the same piece), outstanding color and clarity of gemstones and clean, sophisticated lines. In the mind of the savvy consumer, Yurman is *associated* with these traits.

16. To protect its creative efforts and business proprietary interests, Yurman has applied for copyright registrations for a number of Yurman's jewelry designs. Yurman has received copyright registration for the following designs:

| | Style No. | Reg. No. |
|---|---|---|
| ALBION COLLECTION | D06574 E06574 B04476 | VA 1-116-155 |
| BUCKLE COLLECTION | B06175 | VA 885-993 |
| CHAIN COLLECTION | N07254 CH0178 | VA 1-344-440 |
| | N07188 | VA 1-344-439 |
| CONFETTI COLLECTION II 2005 | B07255 E07255 | VA 1-337-040 |
| CROSSOVER COLLECTION 2003 | B06773D | VA 1-282-478 |
| DY 1993 COLLECTION | B06149 | VAu 405-161 |
| DY TAPESTRY COLLECTION | B07719 | VA 1-396-825 |
| ELONGATED ALBION BRACELET | E06813 | VA 1-282-477 |
| HAMPTON COLLECTION ENHANCER | D06377 | VA 1-024-280 |
| HEART EARRING | E06211 | VA 894-439 |
| HEART BRACELET | B06225 | VA 894-437 |
| LANTANA COLLECTION 2003 | N06831D E06830D BC0148 | VA 1-282-479 |
| LANTANA COLLECTION PEARL 2005 | E07140 N07099 | VA 1-344-442 |
| LINKED RENAISSANCE COLLECTION 2005 | N07346D E07349D D07313 | VA 1-384-012 |
| MOSAIC COLLECTION 2005 | D07687D | VA 1-337-039 |

| | | |
|---|---|---|
| PAVE ALBION COLLECTION ENHANCER | D06384 | VA 1-024-276 |
| PEARL ADDITIONS 2003 | R06931D D06954 | VA1-282-480 |
| PEARL COLLECTION I 2005 | N07064D N07065 | VA 1-390-915 |
| PEARL COLLECTION II 2005 | N07100D | VA 1-390-919 |
| QUATREFOIL COLLECTION I 2005 | N07018 | VA 1-390-916 |
| QUATREFOIL COLLECTION PINK TOURMANLINE | N06572 | VA 1-116-158 |
| RENAISSANCE COLLECTION IV | E06909D | VA 1-390-918 |
| RENAISSANCE COLLECTION VII | B06984 | VA 1-390-917 |
| TAHITIAN BIJOUX COLLECTION 2003 | N06952D N06652D | VA 1-282-483 |

Copies of the copyright registrations for these Yurman designs are attached hereto as Exhibits A-X.

    17.    Yurman is also widely known for many signature collections including THE VENETIAN CABLE COLLECTION, THE ALBION COLLECTION, THE BUCKLE COLLECTION, THE HEART COLLECTION, THE X COLLECTION, THE LANTANA COLLECTION, THE THOROUGHBRED COLLECTION, THE MOSAIC COLLECTION, THE RENAISSANCE COLLECTION, THE METRO COLLECTION, SILVER ICE, THE COLOR CLASSICS COLLECTION and THE HAMPTON CABLE COLLECTION. The variety of designs make it possible for a customer to wear an individual piece or to mix and

match pieces creating ensembles based on personal taste, style, fashion modes and seasonal colors.

## II. The Fame and Acquired Distinctiveness of David Yurman Jewelry Designs

18. Beginning in or about 1982, Yurman began designing, manufacturing, promoting, marketing and selling a line of unique jewelry products that incorporate a cable design, together with other innovative and creative artistic elements. The beautiful, classic and clean look of cable design has been a significant success, bringing global recognition to Plaintiffs' business in the jewelry industry. Yurman has become one of the leaders in jewelry design.

19. Since the introduction of its cable design, Yurman has spent enormous amounts of time, resources and effort to cultivate a reputation for producing jewelry of the finest design, materials and craftsmanship. Indeed, in their retrospective overview of American jewelry design, Sotheby's, one of the most prestigious auction houses in the world, identified Plaintiffs' jewelry as "collectable." But even before the cable design, Mr. Yurman had distinguished himself in the jewelry trade by winning the prestigious Cultured Pearl Designer of the Year Award and the InterGold Design Award.

20. Yurman jewelry products have become so highly acclaimed and widely known that they consistently attract unsolicited local and national media coverage. For example, in June 2006, www.lifestylemagazine.com recognized David Yurman as "an American jewelry icon." Most recently, in June 2007, *Quest* magazine noted that Yurman is "one of America's premier luxury jewelry and timepiece brands." An earlier article in *W* magazine in October 2005, noted that Yurman's "distinctive look has attracted a network of the best major and specialty stores in the country . . ." In June of 2003, *Quest* described David Yurman as

-7-

"internationally recognized as America's leading fine jeweler, with retail sales of some $500 million." In May 1999, an article in *Women's Wear Daily* commented:"[f]irms like David Yurman . . . are becoming household names"; the Spring/Summer 1996 issue of *CHRONOS* noted that "David Yurman jewelry is designed to be collected"; the November 1996 issue of *Robb Report* stated that DAVID YURMAN® collections have an "Internationally recognized look and brand name"; the 1993 issue of *Lifestyles* recognized that DAVID YURMAN® jewelry is "world-famous" and "distinctive"; the May 11, 1995 issue of *The San Francisco Examiner* wrote that the DAVID YURMAN® cable bracelet is "legendary" and that "the sales of Yurman's jewelry has grown 500 percent in the past eight years" at Neiman Marcus; and the June 24, 1996 issue of *The Arkansas Democrat Gazette* recognized that "Yurman's Cable Collection – strong sensuous pieces made to resemble cable – are immediately recognizable among young and old, rich and not so rich. This collection . . . catapulted Yurman to the forefront of the designer-jewelry movement in the 1980's."

### III.    Defendants' Wrongful Acts

21. Defendants Mr. and Mrs. Register sell jewelry products through the web site www.baublesandjewels.com. Upon information and belief, Defendants John Does 1-5 design, manufacture and supply Mr. and Mrs. Register with the infringing product. Upon information and belief, Defendants have deliberately and systematically copied or contributed to the copying of Yurman's copyrighted jewelry designs and have sold or contributed to the sale of and continue to sell jewelry products that are substantially similar to Yurman's copyrighted jewelry designs with knowledge of Plaintiffs' intellectual property rights. The specific pieces of jewelry which constitute unlawful copies of Yurman's copyrighted jewelry designs include, but are not limited to, the designs identified in paragraph 15.

22. Defendants have and continue to use the DAVID YURMAN® trademark to advertise and sell their infringing jewelry designs.

23. Yurman became aware of Defendants' infringing activities in February, 2006. On February 16, 2006, Yurman's counsel sent a letter to Defendants demanding that they cease and desist from selling look-alike DAVID YURMAN® jewelry which infringed Yurman's copyrights (attached hereto as Exhibit Y is a copy of Yurman's cease and desist letter dated February 16, 2006 without enclosures). In this letter, counsel also pointed out that Defendants were infringing Plaintiffs' trademark by capitalizing on the good will associated with the DAVID YURMAN® trademark.

24. Thereafter, on or about February 21, 2006, Yurman's counsel received a voice mail message from Mr. Register. Because the return call number was disconnected, Yurman's counsel sent another letter, requesting that Mr. Register provide her with a working number. Mr. Register failed to comply with counsel's request and, upon information and belief, continued to offer look-alike DAVID YURMAN® jewelry on the www.baublesandjewels.com website.

25. On June 12, 2007, Mr. Register spoke with Yurman's counsel over the telephone about the Defendants' continued infringement of Yurman's intellectual property rights. During this conversation, Yurman's counsel complained to Mr. Register that Defendants were actually offering more infringing designs on the www.baublesandjewels.com web site than had originally appeared in February of 2006. Yurman's counsel sent a follow up letter to Mr. Register on June 14, 2007, enclosing pages from the web site and reiterating the demands contained in the February 16, 2006 letter.

26. On June 24, 2007, Mr. Register sent Yurman's counsel an email requesting copies of the copyright registrations for the pieces Yurman claimed were being infringed. Yurman's counsel replied on June 27, 2007, enclosing the requested certificates of registration which were being infringed by the sixty-eight (68) items Defendants were offering on the www.baublesandjewels.com web site.

27. Finally, on July 18, 2007, Yurman's counsel sent a fifth letter to Mr. Register informing him that it considered Defendants' conduct willful and that Yurman intended to protect its intellectual property rights.

28. Notwithstanding Yurman's letters and telephone calls, Defendants have persisted in selling and contributing to the sale of infringing jewelry products and have engaged in a course of conduct deliberately calculated to copy, as closely as possible, Yurman's jewelry designs and systematically trade upon the goodwill Yurman has developed in its DAVID YURMAN® trademarks, as well as jewelry designs, with knowledge of Yurman's intellectual property rights.

29. Upon information and belief, Defendants have steadily expanded their course of copying Yurman's jewelry designs, dramatically increasing their sales and distribution. Yurman believes that Defendants continue to intentionally market, promote and sell their look-alike Yurman jewelry products to date.

## COUNT ONE
### (VIOLATION OF 17 U.S.C. § 106 (COPYRIGHT INFRINGEMENT))

30. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 29 of this Complaint with the same force and effect as if fully set forth herein.

31. Defendants' willful and knowing sale of jewelry products which directly copy designs for which Plaintiffs own copyright registrations violates 17 U.S.C. § 106. As a result, Plaintiffs are entitled to injunctive relief pursuant to 17 U.S.C. § 502, are entitled to have the unauthorized copies of Plaintiffs' designs impounded pursuant to 17 U.S.C. § 502 and are entitled to damages, profits, costs and attorney's fees pursuant to 17 U.S.C. §§ 504 and 505.

32. Unless Defendants are enjoined from continuing the aforementioned illegal acts, Plaintiffs will continue to suffer irreparable harm.

## COUNT TWO
### (FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114)

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Defendant's willful use of Plaintiffs' federally registered trademark, DAVID YURMAN®, without Plaintiffs' permission, in connection with the sale of jewelry products which directly copy designs for which Plaintiffs own copyright registrations, violates 15 U.S.C. § 1114(a).

35. This infringement constitutes a false designation of origin and a false representation that Defendants' jewelry is offered, sponsored, authorized, licensed by, or otherwise connected with Plaintiffs, or comes from the same source as Plaintiffs' jewelry products and are of the same quality as that assured by Plaintiffs' registered mark, DAVID YURMAN®.

36. Defendants' activities are likely to lead to and result in consumer confusion, mistake or deception, all to Plaintiffs' detriment and irreparable injury.

37. Upon information and belief, Defendants' acts are deliberate and intended to injure Plaintiffs and reap the benefits of Plaintiffs' goodwill associated with the Plaintiffs' registered mark, DAVID YURMAN®.

38. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained and enjoined by this Court from infringing its registered trademarks.

39. Unless Defendants are enjoined from continuing the aforementioned illegal acts, Plaintiffs will continue to suffer irreparable harm.

## COUNT THREE
### (VIOLATION OF NEW YORK LAW PROHIBITING DECEPTIVE ACTS AND PRACTICES)

40. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 39 of this Complaint with the same force and effect as if fully set forth herein.

41. Defendants' distribution and sale of look-alike DAVID YURMAN® jewelry constitutes deceptive trade practices in violation of the New York General Business Law § 349 et seq., as a result of which Plaintiffs are entitled to injunctive relief and damages, including punitive damages and reasonable attorney's fees pursuant to New York statutory and common law.

42. Unless Defendants are enjoined from continuing the aforementioned illegal acts, the consuming public will continue to be misled in their purchasing selections and Plaintiffs will continue to suffer irreparable harm.

## COUNT FOUR
### (VIOLATION OF NEW YORK'S UNFAIR COMPETITION LAW)

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 42 of this Complaint with the same force and effect as if fully set forth herein.

44. Defendants' deliberate and/or illegally intentional manufacture and/or distribution and/or sale of look-alike DAVID YURMAN® jewelry constitutes unfair competition in violation of the New York Unfair Competition Law and General Business Law § 360 for which Plaintiffs are entitled to injunctive relief and damages, including punitive damages and reasonable attorney's fees, pursuant to statutory and common law.

45. Unless Defendants are enjoined from continuing the aforementioned illegal acts, Plaintiffs will suffer irreparable harm.

## COUNT FIVE
### (MISAPPROPRIATION)

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 – 45 of this Complaint with the same force and effect as if fully set forth herein.

47. Defendants' manufacture and/or distribution and/or sale of look-alike DAVID YURMAN® jewelry constitutes a misappropriation of Plaintiffs' proprietary interest in the DAVID YURMAN® brand name and business in violation of New York common law. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief and damages.

48. Unless Defendants are enjoined from continuing the aforesaid illegal acts, Plaintiffs will continue to suffer irreparable harm.

## COUNT SIX
### (UNJUST ENRICHMENT)

49. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 - 48 of this Complaint with the same force and effect as if fully set forth herein.

50. Defendants' manufacture and/or distribution and/or sale of look-alike DAVID YURMAN® jewelry exploits the goodwill of Plaintiffs' reputation in the DAVID YURMAN® products. Defendants are and will be unjustly enriched by such use in violation of New York common law. Plaintiffs are therefore entitled to injunctive relief and damages, including punitive damages.

51. Unless Defendants are enjoined from continuing the aforesaid illegal acts, Plaintiffs will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(a) On Count One, awarding actual damages, profits, costs and attorney's fees sustained by Plaintiffs attributable to Defendants' unauthorized copying and distribution of designs for which Plaintiffs own copyright registrations;

(b) On Count Two, awarding actual damages, profits, costs and attorney's fees sustained by Plaintiffs attributable to Defendants' unauthorized use of Plaintiffs' federally registered trademark in connection with the sale of jewelry products creating customer confusion;

(c) On Count Three, awarding actual and enhanced damages, and reasonable attorney's fees sustained by Plaintiffs attributable to Defendants' deceptive trade practices in connection with the unauthorized sale of look-alike DAVID YURMAN® jewelry products;

(d) On Count Four, awarding actual and enhanced damages and reasonable attorney's fees sustained by Plaintiffs attributable to Defendants' unfair competition and conduct injurious to the business reputation of Yurman in connection with Defendants' unauthorized sale of DAVID YURMAN® look-alike jewelry products;

(e) On Count Five, awarding actual and enhanced damages sustained by Plaintiffs attributable to Defendants' misappropriation of Plaintiffs' proprietary interest in their Program and DAVID YURMAN® jewelry designs;

(f) On Count Six, awarding actual and enhanced damages sustained by Plaintiffs attributable to Defendants' unjust enrichment of Plaintiffs' proprietary interest in the DAVID YURMAN® trade dress and the goodwill associated with that trade dress;

(g) On all Counts, permanently enjoining Defendants from the unauthorized advertising and sale of imitation DAVID YURMAN® jewelry products and further violations of the New York statutory law and/or New York common law;

(h) On all Counts, awarding Plaintiffs the costs of the action, including reasonable attorney's fees; and

(i) On all Counts, awarding Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 6, 2007

SALANS

By: _____
Lora A. Moffatt
Alison G. Naidech
620 Fifth Avenue
New York, New York 10020-2457
Tel.: (212) 632-5500
Fax: (212) 632-5555

Attorneys for Plaintiffs
YURMAN DESIGN, INC. and
YURMAN STUDIO, INC.